Patrizio & Hendrickson, Inc., Appellant, *v.* McDermott & Hanigan, Inc., Respondent.

(Supreme Court, Appellate Term, First Department, December, 1916).

Contracts — building — evidence — pleading — judgments — default.

Upon the refusal of plaintiff to do certain work for a subcontractor until it received a guaranty of payment from the general contractor he agreed in writing to pay any and all sums " as the same may properly accrue " if the subcontractor should fail to pay them. Plaintiff's contract with the subcontractor provided that " The final payment shall be made within thirty days after the completion of the work included in this contract and acceptance by architects." In an action on the contract of guaranty plaintiff pleaded full performance of its contract with the subcontractor, that the architects had accepted the work, had certified that it had been properly done and completed and as requested by the architects plaintiff had executed a guaranty of the work for one year and received the final certificate. Held, that defendant could not go back of the architects' certificate as that, unimpeached,

conclusively · established the performance of the work by plaintiff.

That even if there were defects in plaintiff's work the general contractor and guarantor could not show them to prove that plaintiff had failed to perform, and that as matter of law, upon the facts shown, there was no defense to the action, but defendant had at most a counterclaim or independent cause of action against plaintiff which was not pleaded, and that an order granting defendant's motion to open, vacate and set aside a judgment taken against it by default should be reversed and the judgment reinstated.

APPEAL by the plaintiff from an order of the Municipal Court of the city of New York, borough of Manhattan, fourth district, granting defendant's motion to open, vacate and set aside the judgment taken against this defendant by default.

John A. Nugent, for apppellant.

Katz & Sommerich (Harry Bijur, of counsel), for respondent.

LEHMAN, J.   The plaintiff has recovered a judgment against the defendant by default. The defendant thereafter moved to open the default and its motion was granted on terms. The plaintiff now appeals from this order opening defendant's default.

There is a sharp conflict as to the reason why the default was originally suffered by the defendant. The plaintiff claims that the defendant admitted that it had no defense. The defendant on the other hand denies that it ever made such an admission and claims that it was lulled into security by conversations with the plaintiff's attorney. It is impossible to say with any certainty which side is telling the truth but if the defendant's affidavits and answer show some prob-

ability that it has a meritorious defense then the trial justice properly exercised his discretion in opening the default on terms. I do not find, however, that the defendant has shown any meritorious defense.

The defendant is the general contractor for the building of a garage. The plaintiff agreed to do certain work for a subcontractor but it refused to make this agreement unless and until it received a guaranty of payment from the general contractor. The defendant executed the contract of guaranty in writing and agreed to pay any and all sums " as the same may properly accrue " if the subcontractor should fail to pay them. The plaintiff's contract with the subcontractor provided that " the final payment shall be made within thirty days after the completion of the work included in this contract and acceptance by architects.'' The plaintiff has pleaded that it has fully performed each and every term of the contract and that on the 17th day of August, 1916, the architects named in its contract accepted the work and certified that it had been properly performed and completed. '' Thereafter and on said 17th day of August, 1916, as requested by said Architects in their certificate so issued as aforesaid '' the plaintiff executed a guaranty of their work for one year and '' said architects did then and there accept said instrument as full performance by plaintiff herein of the condition expressed in said certificate.'' The defendant now seeks to interpose an answer denying these allegations. It is quite evident, I think, that if the architects have accepted this work then the defendant who has guaranteed payment of the plaintiff's contract cannot go back of the architects' certificate. That certificate if unimpeached will conclusively establish the performance of the work. The plaintiff's affidavits show without denial that the architects on August 17, 1916, gave the following cer-

tificate: " The cement work performed by Patrizio & Hendrickson is now satisfactory provided they will give us a one-year written guaranty as to workmanship and materials." On the same day the plaintiff executed and the architects accepted such a guarantee and the plaintiff, therefore, now has a final certificate. Even at the present time the defendant presents no evidence that the owner or the architects are dissatisfied with the work. The defendant, however, claims that the cement work done by the plaintiff shows cracks and also that by reason of certain defects in plaintiff's work it has incurred an additional expense for " repairing " done after the completion of the work by the plaintiff, because of the plaintiff's negligence in completing the work." If the defendant as general contractor has been forced to incur additional expense by reason of plaintiff's negligence, it may have a counterclaim against the plaintiff but it has not pleaded such a counterclaim. If there are other defects in plaintiff's work the owner may have a right of action against the plaintiff under its guaranty but, in view of the unimpeached certificate of the architects, it has accepted the work and cannot refuse to pay the general contractor for this work; consequently, even if such defects exist, the general contractor and guarantor cannot show them to prove that the plaintiff has failed to perform. It follows that the defendant as a matter of law, upon the facts shown, has no defense to the action but at most has a counterclaim or independent cause of action against the plaintiff which he has not pleaded. Upon the entire record I am not convinced of the defendant's good faith and I am convinced that if the default is opened and the defendant is allowed to interpose its answer it can prove no defense under the pleadings.

43

Order should, therefore, be reversed, with ten dollars costs, and the judgment reinstated.

Whitaker and Finch, JJ., concur.

Order reversed, with costs.